**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ANGELIQUE KIDD** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | Cause No.: 4:15-cv-01801-CEJ |
| ) | |
| **EDDIE BOYD III** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **and** ) | |
| ) | |
| **CITY OF FERGUSON, MISSOURI** ) | |
| ) | |
|     **Defendants.** ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Angelique Kidd, ("Ms. Kidd") and for her cause of action against Defendants City of Ferguson, Missouri ("Defendant City of Ferguson") and Eddie Boyd III, ("Defendant Boyd") states:

**INTRODUCTION**

1. Defendant Boyd arrested Angelique Kidd after Ms. Kidd asked Boyd his name.

2. Defendant City of Ferguson ratified Defendant Boyd's conduct by charging and prosecuting Ms. Kidd for "Failure to Comply."

3. This is a civil action for violation of Angelique Kidd's civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

**PARTIES**

4. Angelique Kidd is a citizen of the United States of America, and at all times described in this Complaint has been a resident of the City of Ferguson, State of Missouri.

5. Defendant Eddie Boyd III is a sworn peace officer employed by the City of Ferguson. All of Defendant Boyd's actions set forth in this Complaint were done under color of law. Eddie Boyd is sued in his individual capacity.

6. Defendant City of Ferguson, Missouri, is a body politic and corporate organized and existing pursuant to Missouri law.

## JURISDICTION AND VENUE

7. This cause is brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all of the incidents giving rise to this suit occurred, in this judicial district.

## FACTS

8. On November 12, 2015 at around 7:30 pm, Angelique Kidd was with her daughter at their family home on the 600 block of Ballman Avenue in Ferguson, Missouri.

9. Ms. Kidd heard a loud knock on the front door and when she opened it, the man standing before her motioned to the street in front of her home and asked whether she knew the man lying in the street. There was, in fact, a man lying on the other side of the street in front of her home. The man who knocked stated that the man in the street had already been run over three times.

10. Ms. Kidd stepped out onto her front porch and told her daughter to lock the door behind her. Ms. Kidd then walked to within approximately ten feet of the man on the street and

began to loudly ask whether he was okay. The man lying in the street neither moved nor responded. Ms. Kidd observed blood on his face.

11. The man who had summoned her told Ms. Kidd he had called 911. When Ms. Kidd saw the lights of emergency vehicles approaching, she returned to her house and watched from behind her glass storm door.

12. Shortly after, Ms. Kidd saw her neighbor, Jean Hagens ("Hagens"), walking toward the scene in her nightclothes. What Ms. Kidd observed was unusual for two reasons – Hagens rarely ventured outside, let alone in her nightclothes.

13. As Ms. Kidd approached Hagens, she heard Hagens asking whether the man in the street was, "my Ben?" Ms. Kidd attempted to calm Hagens. At one point, after Hagens recognized that the man in the street was indeed her husband, Ben, she repeated over and over that they needed to pick up his glasses.

14. As the women stood in the street in an embrace, an officer approached and told them to move back. The women immediately moved to the Hagens' front yard.

15. After the women moved to the Hagens' front yard, Ms. Kidd noticed that Defendant Boyd had followed them. Defendant Boyd began to question Ms. Kidd about her involvement in the circumstances leading to Ben Hagens' injury.

16. Ms. Kidd denied any involvement in the injury-causing event and denied having heard or seen anything involving it.

17. Ms. Kidd asked Defendant Boyd whether he was recording the encounter. She then asked his name.

18. Defendant Boyd refused to provide his name and instead told Ms. Kidd to leave. She again asked for Defendant Boyd's name and he repeated the command that she leave.

3

19. It was at this point that Defendant Boyd arrested Ms. Kidd.

20. Hagens pleaded on Ms. Kidd's behalf, telling Defendant Boyd that Ms. Kidd's daughter was alone and expressing concern for her well-being. She requested that Defendant Boyd not arrest Ms. Kidd. Defendant Boyd alleged that he smelled alcohol on Ms. Kidd's breath and threatened to call the Missouri Department of Social Services (DSS).

21. Defendant Boyd took Ms. Kidd to the Ferguson Police Department around 8:00pm. She was booked and placed in a holding cell. At around 9:00pm, Ms. Kidd was told by an officer that she had two options regarding her freedom that evening. If she posted $100.00, she could be released immediately; if not, she would be held until midnight and then released.

22. Ms. Kidd did not pay the $100. She was released from custody before midnight on November 12, 2015.

23. Ms. Kidd later made a complaint and subsequently conversed with Police Chief Anderson. Among other things, Chief Anderson informed Ms. Kidd of his impending resignation from the Ferguson Police Department, claiming that he could only effect change in Ferguson if he was not himself a part of the Police Department. He also stated that if he (Chief Anderson) was present, Ms. Kidd would not have been arrested.

24. Ms. Kidd has been a Ferguson resident since 2004. She is well-known in the community and has consistently participated in peaceful protests of the Ferguson Police Department following the killing of Michael Brown by a Ferguson Police Officer in 2014. She worked at the Ferguson Public Library for approximately two years and continues to volunteer. Additionally, Ms. Kidd has been on the Ferguson Civilian Review Board Task Force since 2014. She regularly volunteers at the Ferguson Farmer's Market, community

garden and St. Stephen's Church Food Bank. Ms. Kidd is familiar and known to officers of the Ferguson Police Department.

25. As of the filing of this Complaint, Ms. Kidd is charged with violation of Ferguson Municipal Code Provision 29-16 – Failure to Comply with Order of Police Officer, arising from the events alleged in this Complaint.

26. Defendant City of Ferguson continues to prosecute Ms. Kidd despite clear evidence that Ms. Kidd complied with Defendant Boyd's orders and that Defendant Boyd wrote materially false statements in his police report.

## CAUSES OF ACTION

### COUNT I

### UNLAWFUL SEIZURE OF MS. KIDD BY DEFENDANT BOYD COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant Boyd in Count I, Ms. Kidd states:

27. By this reference, Ms. Kidd incorporates each and every allegation and averment set forth in paragraphs 1 through 26 as though fully set forth herein.

28. Defendant Boyd did not have probable cause to arrest Ms. Kidd.

29. Defendant Boyd seized Ms. Kidd, the seizure was unreasonable, and Defendant Boyd thereby deprived Ms. Kidd of her right to be free from unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct result of the conduct of Defendant Boyd described in this Complaint, Ms. Kidd suffered damages including fear, anxiety, depression, consternation and emotional distress. She was seized and placed in handcuffs in the presence of her young daughter,

5

taken away from her young daughter and threatened that her daughter would be taken by DSS. Ms. Kidd was seized and remains seized by virtue of the charges instigated by Defendant Boyd.

31. The acts of Defendant Boyd described herein were intentional wanton, malicious, and/or were callously indifferent to the rights of Ms. Kidd, thus entitling her to an award of punitive damages against Defendant Boyd.

32. If Ms. Kidd prevails she is entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Angelique Kidd respectfully prays that this Court enter judgment in her favor and against Defendant Boyd for compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other relief this Court deems just and appropriate.

## COUNT II

### UNLAWFUL RETALIATION BY DEFENDANT BOYD
### AGAINST MS. KIDD
### COGNIZABLE UNDER 42 U.S.C. §1983

For her cause of action against Defendant Boyd in Count II, Ms. Kidd states:

33. By this reference, Ms. Kidd incorporates each and every allegation and averment contained in paragraphs 1 through 32.

34. Ms. Kidd was engaged in lawful First Amendment activities when she spoke with, questioned, requested the name of, and sought to ensure the recording of Defendant Boyd as he acted in his capacity as a law enforcement officer.

35. A police officer stopping, seizing, arresting, incarcerating, and charging a person, supporting charges against a person by writing an Incident Report, standing ready to

6

testify to the substance of what is written against a person, and testifying to what is written against a person would chill a person of ordinary firmness from continuing to question, challenge, and record police activity.

36. Defendant Boyd acted in retaliation against Ms. Kidd, and for the purpose of deterring Ms. Kidd from exercising her rights under the First Amendment to question, challenge, and record Defendant Boyd's actions in his capacity as a law enforcement officer, and to identify him in his individual and official capacity.

37. The conduct of Defendant Boyd in stopping, seizing, arresting, incarcerating, and charging Ms. Kidd, supporting charges against Ms. Kidd by writing an Incident Report, standing ready to testify to the substance of what he wrote against Ms. Kidd, and testifying to what he wrote against Ms. Kidd, violates the First Amendment to the United States Constitution in that Defendant Boyd deprived Ms. Kidd of her rights to free speech, free assembly, and free association by acting in retaliation against Ms. Kidd, and for the purpose of deterring Ms. Kidd from questioning, challenging, or recording Defendant Boyd's actions in his capacity as a law enforcement officer, or identifying him in his individual and official capacity.

38. As a direct and proximate result of the conduct of Defendant Boyd, Ms. Kidd suffered injuries and damages including but not limited to: great concern for her own safety and for the safety of her child; fear, apprehension, depression, anxiety, consternation and emotional distress; suppression of her First Amendment right to freedom of speech, punishment for exercising her First Amendment rights; interference with her family relationships; lost time; and loss of faith in society.

39. The acts of Defendant Boyd described herein were intentional, wanton, malicious, and/or were callously indifferent to the rights of Ms. Kidd, thus entitling her to an award of punitive damages against Defendant Boyd.

40. If she prevails, Ms. Kidd is entitled to recover attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Angelique Kidd respectfully prays that this Court enter judgment in her favor and against Defendant Boyd for compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other relief this Court deems just and appropriate.

### COUNT III

### UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF FERGUSON

For her cause of action against Defendant City of Ferguson in Count III, Ms. Kidd states:

41. Ms. Kidd incorporates by reference the allegations and averments contained in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. At all times relevant to this Complaint, Defendant Boyd, as a police officer of the City of Ferguson Police Department, was acting under the direction and control of the Defendant City of Ferguson and was acting pursuant to either official policy or the practice, custom, and usage of the Defendant City of Ferguson and its Police Department.

43. Defendant City of Ferguson has and has had a custom and usage of taking law enforcement action, including making arrests and pursuing charges against individuals, like Plaintiff, who are engaged in activity protected by the First Amendment to the United States Constitution.

44. Defendant City of Ferguson is and has been aware that its police officers take law enforcement action against individuals, like Plaintiff, who are engaged in activity protected by the First Amendment to the United States Constitution and has been deliberately indifferent in its duty to correct, supervise, control and, when appropriate, discipline its agents, officers and employees when they have committed acts that violate the constitutional rights of those they encounter.

45. Defendant City of Ferguson, rather than taking affirmative steps to stop the unlawful practices of its officers, agents and employees, has ratified the malfeasance by prosecuting alleged violations of Ferguson ordinances against people who have engaged in lawful and/or constitutionally-protected activity, like Plaintiff, when the City knew or should have known that the charges were without merit.

46. After an arrest is made or citation issued, it is the policy or practice, custom and usage of Defendant City of Ferguson, acting through its officers, agents and employees, to create a record including charges, police reports, public statements, and testimony, that purports to provide legal justification for the arrest or citation, even in the absence of probable cause for the arrest or citation.

47. The Department of Justice has observed that "[i]n Ferguson ... officers frequently make enforcement decisions based on what subjects say, or how they say it." UNITED STATES DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION, INVESTIGATION OF THE FERGUSON POLICE DEPARTMENT, 24–25 (March 4, 2015) (hereinafter "DOJ Report").

48. Detailing three incidents occurring in February 2012, July 2012, and February 2014 as examples of what the report calls "'contempt of cop' cases"—cases in which Ferguson police officers arrest and charge civilians for lawfully exercising their First Amendment

9

rights to free speech—the DOJ observed, "These accounts are drawn entirely from officers' own descriptions, recorded in offense reports. That FPD [Ferguson Police Department] officers believe criticism and insolence are grounds for arrest, and that supervisors have condoned such unconstitutional policing, reflects intolerance for even lawful opposition to the exercise of police authority." *Id.*, at 25 – 26.

49. As a direct and proximate result of the conduct of Defendant City of Ferguson, Ms. Kidd suffered injuries and damages, including but not limited to: great concern for her own safety and for the safety of her child; fear, apprehension, depression, anxiety, consternation and emotional distress; suppression of her First Amendment right to freedom of speech, punishment for exercising her First Amendment rights; interference with her family relationships; lost time; and loss of faith in society.

50. If she prevails, Ms. Kidd is entitled to recover attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff Angelique Kidd respectfully prays that this Court enter judgment in her favor and against Defendant City of Ferguson for compensatory damages, attorneys' fees, expenses, costs, and any other relief this Court deems just and appropriate.

Respectfully Submitted,
April 11, 2016

**ARCH CITY DEFENDERS**

*/s/ Blake A. Strode* \_
Blake A. Strode (# 68422MO)

*/s/ Thomas B. Harvey* \_
Thomas B. Harvey (# 61734MO)

        ArchCity Defenders
        812 N. Collins St.
        St. Louis, MO 63102
        Tel: 855-724-2489
        Local: 314-361-8834
        Fax: 314-925-1307
        bstrode@archcitydefenders.org
        tharvey@archcitydefenders.org


**E.J. HALL LAW FIRM**

/s/ *Edward Hall*
Edward Hall (# 0012692IA)
42 Beacon Ave.
Ferguson, MO 63135
Tel: 319-530-6796
e.j.hall89@gmail.com


### CERTIFICATE OF SERVICE

    This pleading was filed with the Court's electronic case filing system on April 11, 16 and served on all parties of record in due course by operation of that system.

        */s/ Blake A. Strode*